MILSTEIN, ADELMAN, JACKSON, FAIRCHILD & WADE, LLP
Gillian L. Wade, Bar No. 229124
gwade@milsteinadelman.com
10250 Constellation Blvd.
Los Angeles, CA 90067
Tel: (310) 396-9600

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Richard H. Hikida, Bar No. 196149
rhikida@trialnewport.com
David W. Reid, Bar No. 267382
dreid@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTYNE HANBERG, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>DRUGSTORE.COM, INC., a Delaware corporation; and DOES 1 – 10, inclusive,<br><br>        Defendants. | Case No. 8:16-cv-523<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATIONS OF CALIFORNIA'S. AUTOMATIC RENEWAL LAW (BUSINESS AND PROFESSIONS CODE §§ 17600-17604); and<br>2. VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW (BUSINESS AND PROFESSIONS CODE §§ 17200-17204).<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Kristyne Hanberg ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION & OVERVIEW OF CLAIMS

1.      Plaintiff brings this class action on behalf of herself and a class of others similarly situated consisting of all persons in California who, within the applicable statute of limitations period, purchased subscriptions for any products (such as vitamin supplements and other drugstore products) from Drugstore.com, Inc. ("Drugstore.com" or "Defendant").  The class of others similarly situated to Plaintiff is referred to herein as "Class Members."  The claims for damages, restitution, injunctive and/or other equitable relief, and reasonable attorneys' fees and costs arise under California Business and Professions Code (hereinafter "Cal. Bus. & Prof. Code") §§ 17602, 17603, and 17604) and 17200, *et seq.*, and California Code of Civil Procedure § 1021.5. Plaintiff and Class Members are consumers for purposes of Cal. Bus. & Prof. Code §§ 17600-17606.

2.      During the Class Period, Defendant made automatic renewal or continuous service offers to consumers in and throughout California and (a) at the time of making the automatic renewal or continuous service offers, failed to present the automatic renewal offer terms or continuous service offer terms, in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code § 17602(a)(l); and (b) charged Plaintiff's and Class Members' credit or debit cards, or third-party account (hereinafter "Payment Method") without first obtaining Plaintiff's and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code§ 17602(a)(2).   As a result, all goods, wares, merchandise, or products sent to Plaintiff and Class Members under the automatic renewal of continuous service agreements are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603.

3.      As a result of the above, Plaintiff, on behalf of herself and Class Members, seeks damages, restitution, declaratory relief, injunctive relief and reasonable attorneys' fees and costs pursuant to Cal. Bus. & Prof. Code, §§ 17603, 17203, and 17204, and Code of Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

4.      This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than Defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

5.      This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

7.      Plaintiff purchased a subscription plan from Defendant in California during the Class Period.  Plaintiff and Class Members are consumers as defined under Cal. Bus. & Prof. Code § 17601(d).

8.      Defendant Drugstore.com, Inc. is a Delaware corporation with its principal place of business located at 411 108th Avenue NE, Suite 1600, Bellevue, Washington 98004.  Defendant operates in California and has done business throughout California at all times during the Class Period.  Also during the Class Period, Defendant made, and continues to make, automatic renewal or continuous service offers to consumers in California.  Defendant operates a website which markets subscriptions for vitamin supplements and related drugstore products.

9.      The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such

Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.    At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Drugstore.com, Inc. and DOE Defendants will hereafter collectively be referred to as "Defendant").

## FACTUAL BACKGROUND

### California Business Professions Code §§ 17600-17606

11.    On December 1, 2010, sections 17600-17606 of the Cal. Bus. & Prof. Code came into effect.  The Legislature's stated intent for this Article was to end the practice of ongoing charges to consumers' Payment Methods without consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service. *See* Cal. Bus. & Prof. Code § 17600.

12.    Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

i)    Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

ii)    Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's

affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

13.   Cal. Bus. & Prof. Code § 17601(a) defines the term "Automatic renewal" as a "plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term."

14.   Cal. Bus. & Prof. Code § 17601(b) defines the term "Automatic renewal offer terms" as "the following clear and conspicuous disclosures: (1) That the subscription or purchasing agreement will continue until the consumer cancels. (2) The description of the cancelation policy that applies to the offer. (3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known. (4) The length of the automatic renewal term or that the service is continuous, unless the length of the tern is chosen by the consumer. (5) The minimum purchase obligation, if any."

15.   Pursuant to Cal. Bus. & Prof. Code § 17601(c), "clear and conspicuous" or "clearly and conspicuously'' means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbol ls or other marks, in a manner that clearly calls attention to the language."

16.   Section 17603 of Cal. Bus. & Prof. Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including.

1   but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares,

2   merchandise, or products to the business."

3   **Defendant's Business**

4       17.    Defendant provides an "Auto-Reorder & Save" subscription program

5   whereby a prospective subscriber may select specific products for automatic delivery

6   every 30, 60, or 90 days or more.  Defendant's product and services plan constitutes an

7   automatic renewal and/or continuous service plan or arrangement for the purposes of

8   Cal. Bus. & Prof. Code § 17601.

9   **Defendant's Terms & Conditions**

10      18.    During    the    Class    Period,    Defendant's    webpage,    found    at

11  www.drugstore.com contain a section entitled "terms of use" (hereinafter "Terms of

12  Use").  **This is a lengthy document that does not set forth any information**

13  **concerning the recurring nature of Defendant's subscription programs or the**

14  **manner in which the subscriptions may be canceled**.

15  **Defendant's Terms of Use Fail to Provide Clear and Conspicuous Disclosures As**

16  **Required by Law.**

17      19.    Within the Terms of Use, Defendant failed to state in clear and

18  conspicuous language (*i.e.*, in larger type than the surrounding text, or in contrasting

19  type, font, or color to the surrounding text of the same size, or set off from the

20  surrounding text of the same size by symbols of other marks, in a manner that clearly

21  calls attention to the language) that:

22          i)      The subscription or purchasing agreement will continue until the

23                  consumer cancels;

24          ii)     Describes the cancellation policy that applies to the offer;

25          iii)    Recurring charges that will be charged to the consumer's Payment

26                  Method account with a third party as part of the automatic renewal

27                  plan or arrangement, and that the amount of the charge may change,

28

if that is the case, and the amount to which the charge will change, if known; and

iv)   The length of the automatic renewal term or that the service is continuous unless the length of tile term is chosen by the consumer.

**<u>Defendant Failed to Present the Automatic Renewal Offer Terms or Continuous Service Offer Terms in a Clear and Conspicuous Manner Before the Subscription or Purchasing Agreement was Fulfilled and in Visual Proximity to the Request for Consent to the Offer in Violation of Cal. Bus. & Prof. Code § l7602(a)(l).</u>**

20.     During the Class Period, Defendant made, and continues to make, an automatic renewal offer for its subscriptions plans to Consumers in California, including Plaintiff and Class Members.   On the pages on the website where a prospective subscriber is invited to complete a purchase, the pages did not, and do not, contain automatic renewal offer terms or continuous service offer terms as defined by Cal. Bus. & Prof. Code § 17601(b).



CLASS ACTION COMPLAINT

CLASS ACTION COMPLAINT



21.    As a result, prior to charging Plaintiff and Class Members, Defendant failed, and continues to fail, to obtain Plaintiff's and Class Members' affirmative

consent to language containing the automatic renewal offer terms or continuous service offer terms.

22.   Because of Defendant's failure to gather affirmative consent to the automatic renewal terms, all goods, wares, merchandise, or products, sent to Plaintiff and Class Members under the automatic renewal or continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiff and Class Members may use or dispose of the same in any manner they see fit without any obligation whatsoever on their part to Defendant, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise or products.

**CLASS ACTION ALLEGATIONS**

23.   Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure. The proposed Class (the "Class") that Plaintiff seeks to represent is composed of and defined as:

> "**All persons within California that, within the applicable statute of limitations period, purchased any product or service in response to an offer constituting an "Automatic Renewal" as defined by § 17601(a) from Drugstore.com, Inc., its predecessors, or its affiliates**."

24.   This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

25.   [Fed. R. Civ. P. 23(a)(1)]  The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes

hundreds of thousands of members.  Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

26.     [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

        i)     (a) Whether Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer in violation of Cal. Bus. & Prof. Code § 17602(a)(l);

        ii)    Whether Defendant charged Plaintiff's and Class Members' Payment Method for an automatic renewal or continuous service without first obtaining the Plaintiff's and Class Members' affirmative consent to the Terms and Conditions containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code§ 17602(a)(2);

        iii)   Whether Defendant's Terms of Use contained the automatic renewal offer terms and/or continuous service offer terms as defined by Cal. Bus. & Prof. Code § l760l;

        iv)   Whether Plaintiff and the Class Members are entitled to restitution of money paid in circumstances where the goods and services provided by Defendant are deemed an unconditional gift in accordance with Cal. Bus. & Prof. Code§ 17603;

        v)    Whether Plaintiff and Class Members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17200, 17203;

vi)   Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5; and

vii)   The proper formula(s) for calculating the restitution owed to Class Members.

27.   [Fed. R. Civ. P. 23(a)(3)]  Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein.  The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

28.   [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

29.   [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

30.   [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

31.     [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

32.     [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

**FAILURE TO PRESENT AUTOMATIC RENEWAL OFFER TERMS OR CONTINUOUS SERVICE OFFER TERMS CLEARLY AND CONSPICUOUSLY AND IN VISUAL, PROXIMITY TO THE REQUEST FOR CONSENT OFFER (CAL. BUS. & PROF. CODE§ 17602(a)(l))**

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

33.     The foregoing paragraphs are alleged herein and are incorporated herein by reference.

34.     Cal. Bus. Prof. Code§ 17602(a)(1) provides:

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:
>
> > (l) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

35.     Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and in visual proximity the request for consent to the offer before the subscription or purchasing agreement was fulfilled.

36.     As a result of Defendant's violations of Cal. Bus. & Prof. Code § §17602(a)(l), Defendant is subject under Cal. Bus. & Prof. Code § 17604 to all civil remedies that apply to a violation of Article 9, of Chapter l, of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

37.     Plaintiff, on behalf of herself and Class Members, requests relief as described below.

## SECOND CAUSE OF ACTION

### FAILURE TO OBTAIN CONSUMER'S AFFIRMATIVE CONSENT

### BEFORE THE SUBSCRIPTION IS FULFILLED

### (CAL BUS. & PROF. CODE §§ 17602(a)(2) and 17603)

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

38.     The foregoing paragraphs are alleged herein and are incorporated herein by reference.

39.     Cal. Bus. & Prof. Code § 17602(a)(2) provides:

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:
>
> > (2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer, s affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

40.     Defendant charged, and continues to charge Plaintiff's and Class Members' Payment Method for an automatic renewal or continuous service without first obtaining Plaintiff's and Class Members affirmative consent to language containing the automatic renewal offer terms or continuous service offer terms.

41.     As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(2), Defendant is liable to provide restitution to Plaintiff and Class Members under Cal. Bus. & Prof. Code § 17603.

42.    Plaintiff, on behalf of herself and Class Members, requests relief as described below.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE UNFAIR COMPETITION LAW
### (CAL. BUS. & PROF. CODE§ 17200 *et. seq.*)

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

43.    The foregoing paragraphs are alleged herein and are incorporated herein by reference.

44.    Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL") prohibits unfair competition in the form of any unlawful or unfair business act or practice. Cal. Bus. & Prof. Code § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

45.    Since December l, 2010, and continuing to the present, Defendant has committed unlawful and/or unfair business acts or practices as defined by the UCL, by violating Cal. Bus. & Prof. Code § 17602(a)(3).  The public policy which is a predicate to a UCL action under the unfair prong of the UCL is tethered to a specific statutory provision. *See* Cal. Bus. & Prof. Code §§ 17600, 17602.

46.    As a direct and proximate result of Defendant's unlawful, and/or unfair acts and practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful and/or unfair acts and practices in the amount of those business expenses and interest accrued thereon.

47.    Plaintiff and similarly-situated Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all monies paid by Class Members under the subscription agreements from December 1, 2010, to the date of such

1  restitution at rates specified by law.  Defendant should be required to disgorge all the

2  profits and gains it has reaped and restore such profits and gains to Plaintiff and Class

3  Members, from whom they were unlawfully taken.

4      48.    Plaintiff and similarly situated Class Members are entitled to enforce all

5  applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain

6  injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

7      49.    Plaintiff has assumed the responsibility of enforcement of the laws and

8  public policies specified herein by suing on behalf of herself and other similarly-

9  situated Class Members.  Plaintiff's success in this action will enforce important rights

10  affecting the public interest.  Plaintiff will incur a financial burden in pursuing this

11  action in the public interest.  An award of reasonable attorneys' fees to Plaintiff is thus

12  appropriate pursuant to California Code of Civil Procedure§ 1021.5.

13      50.    Plaintiff, on behalf of herself and Class Members, request relief as

14  described below.

**PRAYER FOR RELIEF**

16      WHEREFORE, Plaintiff requests the following relief:

17      A.     That the Court determine that this action may be maintained as a class

18  action under Rule 23(a) of the Federal Rules of Civil Procedure, and define the Class as

19  requested herein;

20      B.     That the Court find and declare that Defendant has violated Cal. Bus. &

21  Prof. Code § 17602(a)(1) by failing to present the automatic renewal offer terms, or

22  continuous service offer terms, in a clear and conspicuous manner and the visual

23  proximity to the request for consent to the offer before the subscription or purchasing

24  agreement was fulfilled;

25      C.     That the Court find and declare that Defendant has violated Cal. Bus. &

26  Prof. Code § 17602(a)(2) by charging Plaintiff's and Class Members' Payment Method

27  without first obtaining their affirmative consent to language containing automatic

28  renewal offer· terms or continuous service terms;

D.     That the Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code § 17602.

E.     That the Court award to Plaintiff and Class Members damages and full restitution in the amount of the subscription payments made by them pursuant to Cal. Bus. & Prof. Code§ 17603, in an amount to be proved at trial;

F.     That Defendant be ordered to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of their subscription agreement payments;

G.     That the Court find that Plaintiff and Class Members are entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203;

H.     That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law; and

I.     That the Court award such other and further relief as this Court may deem appropriate.

Dated:  March 18, 2016                    NEWPORT TRIAL GROUP, APC


                                          By: _/s/Scott J. Ferrell_____
                                          Scott. J. Ferrell
                                          Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2016, I electronically filed the foregoing **CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott. J. Ferrell